UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                            609-858-9360
United States Bankruptcy Judge                                                    609-989-2259 Fax

May 16, 2014

**Leonard S. Miller, Esq.**
12-67 River Road
PO Box 1126
Fair Lawn, NJ 07410
Attorney for Plaintiff, Theodore DeMaria

**Jeffrey A. Lester, Esq.**
Braverman & Lester
374 Main Street
Hackensack, NJ 07601
Attorney for Defendant, Rex Peters


                    Re:  DeMaria v. Peters
                         Adv. Pro. No. 14-01002 (MBK)

Counselors:

　　　　This matter is before the Court upon the motion ("Motion") of Rex Peters ("Defendant") for dismissal and summary judgment on the claims contained in the Adversary Proceeding brought by Theodore DeMaria ("Plaintiff"), which seeks to declare non-dischargeable certain obligations arising from a pre-petition state court judgment. The Court has reviewed the pleadings submitted and issues the following ruling:

　　**I.　　Jurisdiction**

　　　　The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court. This matter

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(J). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    **II.**    **Background**

        **A.**    **Pre-Petition**

On January 16, 2008, Plaintiff loaned Defendant $250,000 ("Loan") which was to be repaid upon the sale of Plaintiff's property located at 124 Fawn Hill Road, Upper Saddle River, NJ ("Property"). In addition to repayment of the Loan, Plaintiff was to receive the greater of 10% of the net profits of the sale, or $30,000. As security for the Loan, Defendant gave Plaintiff a mortgage ("Mortgage") on the Property. Prior to recordation of the Mortgage, however, Defendant notified Plaintiff that he was in the process of securing construction loan financing ("Financing"), and requested that Plaintiff withhold the filing of the Mortgage documents until Defendant had secured such Financing. Upon securing the Financing, Defendant represented that he would advise Plaintiff that the Mortgage could be recorded.

The business relationship between Plaintiff and Defendant came to an end when Plaintiff became aware of an alleged fraud perpetrated upon him by Defendant. As a result, Plaintiff commenced a state court action against Defendant, asserting that Defendant made certain misrepresentations to Plaintiff which prevented Plaintiff from protecting his interest in the Property. On October 26, 2012, summary judgment was granted in Plaintiff's favor by the Honorable Rachelle L. Harz, J.S.C. in the New Jersey Superior Court, Law Division, in Bergen County, and a judgment ("Judgment") was entered in the amount of $280,000, plus costs.

After obtaining the Judgment, Plaintiff proceeded to aggressively issue writs of execution and levied on assets of Defendant. The attempts at collection lasted for several months and included a hearing on a motion for turnover. Thereafter, Defendant filed his voluntary Chapter 7 bankruptcy petition.

### B. The Defendant's Bankruptcy

Defendant filed for Chapter 7 bankruptcy on September 20, 2013. The Clerk then circulated a Notice of Commencement ("Notice") of this case on September 25, 2013, that indicated that the First Meeting of Creditors, pursuant to § 341(a), was to be conducted on October 21, 2013. The Notice also indicated that the last day to file an objection to discharge or an objection to the dischargeability of a debt was December 20, 2013 ("Bar Date"), sixty (60) days from the scheduled Meeting of the Creditors.

On October 21, 2013, Defendant appeared before John Sywilock, the Chapter 7 Trustee, and the § 341(a) meeting was conducted. The Plaintiff was the only creditor to appear, through counsel.

### C. The Adversary Proceeding

On December 13, 2013, prior to the Bar Date, Plaintiff's counsel filed a motion in the main bankruptcy case, seeking to hold the Judgment non-dischargeable as against Defendant. Thereafter, the Clerk notified Plaintiff that the motion was improperly filed, as the relief requested in the motion may only be prosecuted through the commencement of an adversary proceeding. During this time, on December 16, 2013, Plaintiff also filed a Proof of Claim that included a notice that a portion of the debt was secured, even though Defendant had not reported it as such.

On January 2, 2014, two weeks after the Bar Date, Plaintiff filed the within Adversary Proceeding. Thereafter, Defendant was served with a summons and complaint on February 23, 2014. Plaintiff's counsel submits that the delay in filing was due to counsel's inadvertent overlooking of an e-mail advising that his motion, although timely, had been misfiled. As a result of the delay in filing the Adversary Proceeding, Defendant filed the within Motion on February 27, 2014. For reasons the Court will explain, the Court DENIES

Defendant's Motion in part.

### III. Discussion

This Court concludes that Defendant's Motion should be denied in part. It is conceded that Plaintiff did not file his complaint seeking a determination of non-dischargeability by the deadline of December 20, 2013. However, the Court does take note that Plaintiff did timely file a pleading raising the issues and placing Defendant on notice prior to the Bar Date. While Defendant contends that Plaintiff's action should not proceed as he did not timely file the Adversary Proceeding, the Court is inclined to allow the Adversary Proceeding to "relate-back" to when the original and timely motion was filed.

The Third Circuit Court of Appeals in *Schwartz v. Weinberg (In re Weinberg)*, 197 Fed. Appx. 182 (3d Cir. 2006) discussed the U.S. Supreme Court's decision in *Kontrick v. Ryan*, 540 U.S. 443 (U.S. 2004), which dealt with the treatment of an untimely action under Fed. R. Bankr. P. 4004(a).[1] In *Weinberg,* the Third Circuit noted that "because it was undisputed that the creditor in *Kontrick* failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, [the U.S. Supreme Court] did not address '[w]hether the Rules despite their strict limitations, could be softened on equitable grounds[.]'" *Weinberg*, 197 Fed. Appx. at 188, citing *Kontrick*, 540 U.S. at 457. The Third Circuit stated further that it "has never held that those rules [Fed. R. Bankr. P. 4004 and 4007] are 'jurisdictional' or otherwise immune from tolling based on equitable principles." *Id*. at 188. Thus, the Third Circuit has left the door open for late filings where the equities warrant tolling of a bar date.

In this matter, Plaintiff has raised an argument for tolling based on equitable principles. The Court can discern no prejudice to Defendant in allowing the adversary complaint

---

[1] Given that this action concerns the determination of dischargeability of a debt, Fed. R. Bankr. P. 4007 controls; notwithstanding, the analysis undertaken by the Third Circuit in *Weinberg*, <u>supra</u>, remains pertinent.

to "relate-back" to the misfiling of the initial pleading as a motion. Indeed, the motion was sufficiently specific to place Defendant on notice of the claims. Moreover, Plaintiff has adequately explained the delay in re-filing his motion as an adversary complaint.

The Court notes that, on April 12, 2014, Plaintiff filed an Amended Complaint, adding a third count seeking to deny the Defendant a discharge based upon alleged false oaths in this proceeding. The court in *Employers Mut. Cas. Co. v. Lazenby (In re Lazenby),* 253 B.R. 536, 538 (Bankr. E.D. Ark. 2000) ruled that in order to determine if the creditor's motion could "relate-back" to a timely filing, the court needed to balance the liberal construction of Federal Rule of Civil Procedure 15(c) and the more strict construction required by Rule 4004 of the Federal Rules of Bankruptcy Procedure. The court further held that when balancing the interplay of the rules, courts should not permit an amendment of the complaint to add a new theory of objection for either discharge or dischargeability. *Id*., citing *In re Halberstram*, 219 B.R. 356 (Bankr. E.D.N.Y. 1998).

The Court agrees with *Lazenby* that, in certain circumstances, a claim should be allowed to "relate-back" to a prior filing, only as long as there has not been an amendment to the complaint to add a new theory of objection. This, however, is exactly what Plaintiff has undertaken in the Amended Complaint by adding a third count objecting to Defendant's discharge. Accordingly, the Court will dismiss the third count of Plaintiff's Amended Complaint.

**IV.     Conclusion**

For the forgoing reasons, the Court determines that Defendant's Motion is DENIED in part, and Plaintiff is <u>not</u> time-barred from seeking a determination of non-dischargeability with respect to pre-petition claims. Plaintiff is, however, time-barred from pursing an objection to discharge. Plaintiff's counsel is directed to submit a proposed form of order consistent with this decision.

*[Signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: May 16, 2014